**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

| | |
|---|---|
| **STRONG CURRENT ENTERPRISES LIMITED,** | Case No. |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| **THE AFFILIATI NETWORK, INC., SANJAY (SONNY) PALTA, LIQUID EARTH, INC. D/B/A PROFIT POINT MEDIA, PROFIT POINT, INC. JAMES DOUGAL, DAVID PACHKOFSKY, KANDERIAN ENTERPRISES, INC. AND TODD HEBERT,** | |
| Defendants. | |

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, STRONG CURRENT ENTERPRISES LIMITED ("Plaintiff" or "Strong Current"), by and through its attorneys, Fox Rothschild LLP, hereby brings this Complaint against Defendants, THE AFFILIATI NETWORK, INC. ("Affiliati"), SANJAY (SONNY) PALTA ("Palta"), LIQUID EARTH, INC. d/b/a PROFIT POINT MEDIA, PROFIT POINT, INC., JAMES DOUGAL ("Dougal"), DAVID PACHKOFSKY ("Pachkofsky"), KANDERIAN ENTERPRISES, INC. ("Kanderian"), and TODD HEBERT ("Hebert") (collectively, all defendants are referred to herein as "Defendants" and individually as a "Defendant"), and alleges as follows:

1

## NATURE OF ACTION

1.      This is an action under federal and state unfair competition law arising from Defendants' efforts to wrongfully appropriate and use Strong Current's marketing materials and methods to unfairly compete with Strong Current and acquire the benefits of Strong Current's unique and proprietary market making abilities.

2.      As set forth more fully below, Defendants have intentionally and willfully copied Strong Current's internet marketing campaigns and strategies for multiple products of Strong Current and its clients, including without limitation copying advertising materials and marketing campaigns for: BLAUX™ portable air conditioners and wearable fans, which Defendants sell as Glacier products; "ClipperPro" nail clippers, which Defendants sell as "Pro Clipper" nail clippers and Ultra Cool products; "BarxBuddy," which Defendants sell as "BarkBuddy"; SuperBoost WIFI, which Defendants offer as "Super Wifi Booster"; and "Oshenwatch," which Defendants sell as "SmartSwiss Watch".

3.      Defendants' copying includes not only using confusingly similar marks and brands but using Strong Current's product images and product descriptions and advertising copy.

4.      Strong Current has expended substantial resources to identify unique products and build strong internet based marketing campaigns to maximize products sales. Strong Current marketing campaigns are based upon scientifically researched and developed internet marketing techniques that Strong Current continuously tests and develops, including testing specific materials for each offering.

5.      Trading on Strong Current's marketing expertise and acumen, Defendants have literally copied Strong Current's marketing materials, and despite repeated demands to discontinue

their practice of copying Strong Current's marketing materials, they continue to use elements of Strong Current's customized and proprietary marketing materials.

6.      Through this action, Strong Current seeks damages as a result of, and injunctive relief preventing, Defendants' copying and exploitation of Strong Current's marketing materials and Defendants' other acts of unfair competition.

7.      Defendants blatantly and willfully seek to exploit Strong Current's proprietary creative marketing materials and tools causing irreparable damage to Strong Current's efforts to build and sustain brands to enhance product sales of Strong Current products.

8.      Defendants should be enjoined from continuing their wrongful behavior and expressly prohibited from copying, expropriating in any material respect or otherwise exploiting the marketing materials and programs of Strong Current.

## THE PARTIES

9.      Strong Current is a company formed under the laws of Hong Kong and has its principal place of business at Suite 2201, 22/F, Chinachem Century Tower, 178 Gloucester Road, Wanchai, Hong Kong.

10.     Upon information and belief, Affiliati is a Florida corporation and has its principal place of business in Miami Beach, Florida.

11.     Upon information and belief, Palta is an individual who resides in Miami Beach, Florida and is a citizen of Florida.

12.     Upon information and belief, Palta is the Founder, sole owner and President of Affiliati.

13.     Upon information and belief, Palta operates Affiliati as his alter ego.

3

14.     Upon information and belief, Liquid Earth, Inc. is an Arizona corporation doing business under the trade name Profit Point Media and has its principal place of business in Oro Valley, Arizona.

15.     Upon information and belief, Profit Point, Inc. is an Arizona corporation and has its principal place of business in Oro Valley, Arizona.  Liquid Earth, Inc. d/b/a Profit Point Media and Profit Point, Inc. are collectively referred to herein as "Profit Point".

16.     Upon information and belief, Dougal is an individual who resides in Lake Havasu City, Arizona and is a citizen of Arizona.

17.     Upon Information and belief, Pachkofsky is an individual who resides in Gilbert, Arizona and is a citizen of Arizona.

18.     Upon information and belief, Dougal and Pachkofsky operate Profit Point as their alter ego.

19.     Upon information and belief, Kanderian is a Delaware corporation that at times does business under a d/b/a "Astoria VR" and has its principal place of business in Katy, Texas.

20.     Upon information and belief, Hebert is an individual who resides in Plano, Texas and is a citizen of Texas.

21.     Upon information and belief, Hebert operates Kanderian as his alter ego.

22.     Palta, Dougal, Pachkofsky, and Hebert directly and through their alter egos – Affiliati, Profit Point, and Kanderian – have been conspiring together to unfairly compete with Plaintiff and misappropriate Plaintiff's business opportunities.

4

## JURISDICTION AND VENUE

23.     Subject matter jurisdiction exists under 28 U.S.C. § 1332(a)(2) in that Strong Current is a citizen of a foreign country and Defendants are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

24.     Subject matter jurisdiction also exists under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, because this dispute arises, in part, under the Lanham Act, and as provided in 28 U.S.C. § 1367, this Court has supplemental jurisdiction over the state law claims asserted herein.

25.     This Court has personal jurisdiction over Defendants because Affiliati and Palta reside in and have regular and established places of business within this District, and the out-of-state Defendants conspired with those Defendants to commit torts directed at, and causing injuries in, this jurisdiction.  Furthermore, the out-of-state Defendants conduct extensive business in Florida, and have committed the tortious infringing and deceptive acts described in this Complaint in Florida.

26.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because at least one of the Defendants resides in and has a regular and established place of business within this District, and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Strong Current's claims occurred in this District.

## FACTS COMMON TO ALL COUNTS

**A.     Plaintiff's Products and Proprietary Marketing Materials**

27.     Strong Current markets and sells consumer products over the internet around the globe; the United States is currently its most profitable and largest single market.

28.     Strong Current has developed and refined its internet marketing strategies and methods over the years through rigorous analysis of the response to its internet marketing efforts.

5

Strong Current, together with its affiliates, has honed its techniques and approaches through years of comparing trial pages against each other and determining what approaches are most effective at obtaining sales from internet advertising pages, including, for example, determining techniques to enhance the likelihood of purchases when buyers reach the checkout webpage.

29.     Strong Current also develops the visuals for add pages themselves based upon its years of experience and carefully analyzed data.

30.     Strong Current's practice is also to develop novel trademarks and brands for the products it markets to enhance the likelihood of success and build brand equity for the products.

31.     Strong Current carefully selects the products it chooses to offer, such as the Blaux™ brand of portable indoor air conditioners and wearable fans and the KoreTrak™ brand of smartwatch / fitness trackers, based upon its expertise and skill at identifying what products consumers are likely to purchase.  Strong Current has developed techniques and tools from years of effort that enable Strong Current to identify products that it can successfully market over the internet.

32.     Strong Current has also developed, over years of effort, a network of companies who market Strong Current products in their local markets ("Strong Current Marketing Affiliates") using Strong Current marketing materials, techniques and strategies, which the Strong Current Marketing Affiliates may adopt in whole or in part to market Strong Current products.  The Strong Current Marketing Affiliates invest their own funds in purchasing advertising on the internet to market the Strong Current products using the Strong Current marketing materials and approach. The Strong Current Marketing Affiliates rely on the creativity and novelty of the Strong Current product selection and marketing approach to be successful and profitable in their efforts.

113942969.v1

33.     As a result of Strong Current's years of effort to develop unique and proprietary techniques for identifying and marketing products over the internet directly and through Strong Current Marketing Affiliates, Strong Current has become a leading internet merchandiser of novelty consumer goods.

**B.     Defendants' Theft of Plaintiff's Proprietary Marketing Materials**

34.     Strong Current recently discovered that Defendants have been stealing Strong Current's unique and proprietary marketing and sales materials to offer, in Florida and elsewhere, products identical to Strong Current's products.

35.     For example, Affiliati circulates a weekly newsletter to their marketing affiliates ("Affiliati Marketing Affiliates"), including Profit Point, Dougal, Pachkofsky, Kanderian and Hebert, regarding products Affiliati is offering through the Affiliati Marketing Affiliates, and a recent newsletter featured the following product under the brand Glacier Portable AC:



**Offer ID - 21181**

**Offer Name - Glacier Portable AC**

**Vertical - WHITEHAT**

**Country - US**

**Traffic - Display/Native, Contextual, Paid**

**Search, SEO, Social**

**Payout - $60**

36.     This visual is an original photo created by Strong Current for marketing its Blaux™ line of portable air conditioners.

113942969.v1

37.     Defendant Palta, through his alter ego Affiliati, has deliberately targeted Strong Current's product offerings in the Affiliati newsletters wherein Affiliati offers to internet marketers, such as the other Defendants, products they can market over the internet.

38.     Palta has recognized the success of Strong Current internet product offerings and, through Affiliati, Palta provides advertising and marketing materials to the Defendants and other internet marketers that Palta has copied from Strong Current's website.

39.     By copying the advertising and marketing materials, Palta and Affilaiti not only save the substantial cost of identifying products that can be successfully marketed over the internet and the cost of developing effective advertising campaigns and collateral materials, but also get to leverage off the substantial marketing efforts of Strong Current and its Marketing Affiliates to create the demand for these products.

40.     The actions of Palta through Affiliati are an intentional and deliberate attempt by them to procure for themselves and their affiliates the sales for products that Strong Current and its Marketing Affiliates have generated.

41.     The Defendants other than Palta and Affilaiti are aware and know that the materials provided by Affilaiti have been copied without permission from the owner of the rights to the materials.   These Defendants nevertheless use the marketing materials with the intention of misappropriating for themselves sales of the products marketed with the stolen marketing materials.

42.     The foregoing actions of the Defendants to wrongfully use the stolen marketing materials are also intended to interfere with and damage, and have interfered with and damaged, Strong Current's relationship with its Marketing Affiliates, who no longer have exclusive use of

the advertising and marketing materials developed by Strong Current and have suffered loss of sales due to the deliberate actions of the Defendants.

43.    A review of various affiliated websites operated by Profit Point, such as https://www.glacierportableac.com and https://www.glacierportableac.com/checkout.php?, indicated that Defendants, in fact, used identical copies of Strong Current marketing material for its Blaux™ line to offer portable air condition units under a Glacier brand:





**ENHANCE YOUR INDOOR EXPERIENCE THIS SUMMER**

Hot summer weather is a great excuse to have fun outdoors. But unless your home is equipped with air conditioning, the dog days of summer will feel quite unbearable once you're back inside. Blaux Portable AC is the rechargeable desktop air cooler and humidifier for long-lasting relief during the hottest days. Cordless, compact, and lightweight, Blaux Portable AC goes where you go to sustain the perfect temperature.



**MAINTAIN YOUR PERFECT TEMPERATURE**

**PORTABLE**

The included Type-C charging cable allows you to stay powered up wherever you go. Travel from room to room or take it with you on your next road trip using the attached carrying handle.

**ADJUSTABLE**

The clean, modern design is well suited for any room. With 3 fan speeds and a variable louver for directing airflow, you can always optimize the cooling to your personal preference.

**SIMPLE TO USE**

With easy top-fill pouring and cordless operation, the Blaux Portable AC is designed to make your life easier. No re-fill tank to worry about, just pour the water directly into the unit for pleasant, humidified air.

**THE EASIEST WAY TO DEAL WITH EXCESS HEAT AND DRY SUMMER AIR.**



Whether you're looking for a break from the sun or you prefer cooler temperatures while sleeping, Blaux Portable AC lets you control the conditions for improved work, leisure, and relaxation. Unlike traditional fans and air conditioning units, Blaux Portable AC adds moisture to the air to prevent your skin, eyes, and nasal passages from drying out and becoming irritated.

**How to use Blaux Portable AC**

**01**
Add water. Simply pour it directly into the top of the unit.



**02**
Insert the replaceable water curtain. Each one lasts approximately 6-8 months.



**03**
Turn it on. You won't have to wait long for refreshing relief.



**ENHANCE YOUR INDOOR EXPERIENCE THIS SUMMER**

Hot summer weather is a great excuse to have fun outdoors. But unless your home is equipped with air conditioning, the dog days of summer will feel quite unbearable once you're back inside. Glacier Portable AC is the rechargeable desktop air cooler and humidifier for long-lasting relief during the hottest days. Cordless, compact, and lightweight, Glacier Portable AC goes where you go to sustain the perfect temperature.

**MAINTAIN YOUR PERFECT TEMPERATURE**

**PORTABLE**

The included Type-C charging cable allows you to stay powered up wherever you go. Travel from room to room or take it with you on your next road trip using the attached carrying handle.

**ADJUSTABLE**

The clean, modern design is well suited for any room. With 3 fan speeds and a variable louver for directing airflow, you can always optimize the cooling to your personal preference.

**SIMPLE TO USE**

With easy top-fill pouring and cordless operation, the Glacier Portable AC is designed to make your life easier. No re-fill tank to worry about, just pour the water directly into the unit for pleasant, humidified air.

**THE EASIEST WAY TO DEAL WITH EXCESS HEAT AND DRY SUMMER AIR.**

Whether you're looking for a break from the sun or you prefer cooler temperatures while sleeping, Glacier Portable AC lets you control the conditions for improved work, leisure, and relaxation. Unlike traditional fans and air conditioning units, Glacier Portable AC adds moisture to the air to prevent your skin, eyes, and nasal passages from drying out and becoming irritated.

**How to use Glacier Portable AC**

**01**
Add water. Simply pour it directly into the top of the unit.

**02**
Insert the replaceable water curtain. Each one lasts approximately 6-8 months.

**03**
Turn it on. You won't have to wait long for refreshing relief.







10

113942969.v1





113942969.v1



113942969.v1



113942969.v1



44.    A review of other affiliated websites operated by Kanderian, such as https://www.smartproductstoday.com, indicates that Defendants used identical copies of Strong Current marketing material for its Oshenwatch™ line to offer to offer the same smartwatch under the brand SmartSwiss Watch:

| OSHENWATCH | INFRINGING |
|---|---|
| https://www.buyoshenwatch.com/en/index-1.html | https://topdiscounts.org/n/smartswiss/v1/index.htm?cep=2E1oqm0yrqYVwJtIDWBqlOJ-a-YHJmVYHBroREGBdetb64c2qajHhAQ_8MeTfO6TdAbcUri-srqeyaj2MSJ3vTq-hA6ERqd9hRMysG0J1kbnfiGVmCrLQSy5rQpw8WZDTKyvqVnxYK86I4eSRCiJTXGzOiKvU77QIzQIZZcH4j-D0IIaiu72vSPhyGO6NZq-m3as0R2OzZcbgrzp0PeSw-eGjf3rMm_DZ67yTka0VSmT8XTduIuuAQN1oSoLhLeyLxfeAOmsISaKf79JlbZ8y3m9AGDXeJxkGgPDcNw-nD45N-_Dci3qSTnkeHzPHcLsIAn1_5fLlO84ZqXamVYCKpNwhpOVE8-zZQmhEu0E75XXBVRpdqdT486PL683KeXv6MkGhGe5uyBfhIxrJTona9_YG-_mX-UIhDrwbdu1bBGh9jByTzeTIKP3- |

113942969.v1

| | TTykdOETGhzoZhCMFesnXhxEEkx1g&lptoken=1584988e37cb86c95605&pubid=HOMEPAGE_US%7Cc&camp=391783033&supl=yahoo.com&ad=35717072917&agrp=9768731100 |
|---|---|
|  |  |

| OSHENWATCH | SMARTSWISS WATCH |
|---|---|
| https://www.buyoshenwatch.com/en/order.html | https://www.smartproductstoday.com/smartorder21?aff_sub=HB&aff_sub2=dfn3t2f3diln7uf12q0l9ves&affiliate_id=2624510&cookiepreview=false&noautoplay=false&nopopup=false |

113942969.v1



★★★★★

**Verified Purchase**

After a week of heavy research and reading reviews, I decided on an OsherWatch. I'm so glad I did. The battery life is great, the feel is awesome, and it's jammed pack with so many settings and it has a classy, stylish look. I recommend this for the novice as well as hard core exercise individual. I'm in love with my OsherWatch.

Jean B.
Raleigh, NC





★★★★★

**Verified Purchase**

My niece loves her new OsherWatch. I'm amazed at how many different things the watch does. She finally stopped asking me for one of those other over-priced e-watches which do exactly the same thing but for way more money. This was a great deal.

Brenda M.
Cincinnati, OH





★★★★★

**Verified Purchase**

My first smartwatch and I'm in love with this thing. Tons of features and activities to record and I keep discovering new things every day. This watch exceeded my expectations. Buy it, you'll love it.

Mike S.
Atlanta, GA



 

★★★★★

**Verified Purchase**

After a week of heavy research and reading reviews, I decided on a SmartSwiss Watch. I'm so glad I did. The battery life is great, the feel is awesome, and it's jammed pack with so many settings and it has a classy, stylish look. I recommend this for the novice as well as hard core exercise individual. I'm in love with my SmartSwiss.

Jean B.
Raleigh, NC



★★★★★

**Verified Purchase**

My niece loves her new OsherWatch. I'm amazed at how many different things the watch does. She finally stopped asking me for one of those other over-priced e-watches which do exactly the same thing but for way more money. This was a great deal.

Brenda M.
Cincinnati, OH

 

★★★★★

**Verified Purchase**

My first smartwatch and I'm in love with this thing. Tons of features and activities to record and I keep discovering new things every day. This watch exceeded my expectations. Buy it, you'll love it.

Mike S.
Atlanta, GA







**Discount: -$118.24**

**Grand Total: $123.43**





113942969.v1




45.     In addition to stealing the Blaux™ air-conditioning and Oshenwatch marketing materials, Defendants, working together, have also used Strong Current's marketing materials, including images, to market at least the following rip off products: Ultra Cool Wearable AC (copy of Strong Current's Blaux™ Wearable AC Plus); "Pro Clipper" nail clippers (copy of Strong Current's "ClipperPro" product); "BarkBuddy" (copy of Strong Current's "BarxBuddy" product); and "Super Wifi Booster" (copy of Strong Current's "SuperBoost WIFI" product).

46.     Defendants, working together, have used at least the following websites to offer rip-off versions of Strong Current products:

Ultra Cool Wearable AC (copy of Strong Current's Blaux™ Wearable AC Plus):

https://www.youcansave.shop/ultracoolNeck/

https://www.youcansave.shop/ultracoolNeck/checkout.php?

FitBeat Smartwatch (copy of Strong Current's KoreTrak™ smartwatch / fitness tracker):

https://www.youcansave.shop/fitbeat/

https://www.youcansave.shop/fitbeat/checkout.php?

17

47.     Defendants intentionally market their infringing products to compete directly with Plaintiff and divert sales away from Plaintiff.

48.     Defendants, individually and in concert, are blatantly stealing Strong Current's marketing materials and product selections to unfairly compete with Strong Current.

49.     Further, Defendants' conduct is damaging the goodwill and brand equity that Strong Current has been building for its branded products, and confusing consumers as to the source of the goods by using identical marketing materials with a different brand. Defendants' conduct has also injured Strong Current's relationship and reputation with Strong Current Marketing Affiliates who depend on Strong Current for unique, novel and innovative marketing materials and product sale opportunities.

50.     Strong Current sent cease and desist letters to Defendants and parties affiliated with them, who were selling the Glacier portable air conditioners, demanding that Defendants cease and desist their theft and provide an accounting for their unlawful activities.

51.     As a result of the cease and desist letters, the marketing for the Glacier portable air conditioners was changed, but it still continues to use stolen images, nearly identical checkout pages and confusingly similar advertising copy. Further, no accounting has been provided nor has Strong Current received a direct response to the cease and desist letters.

52.     Strong Current has incurred damages and irreparable harm, which continues to accrue every day. Specifically, as a result of Defendants' intentional copying of Strong Current's marketing materials and approaches, Defendants have diverted sales from Strong Current in Florida and elsewhere.  Notably, for the products listed in paragraph 43 above, Plaintiff makes substantial sales to Florida, and Defendants' tortious conduct is stealing that business. Defendants' conduct has also harmed consumers in Florida and elsewhere by denying them proper service and

support for the sales pirated from Strong Current.  For instance, Defendants do not even have a return policy, and the nominal shipping/return pages, such as https://www.glacierportableac.com/pages/shippingandreturn.html, cannot be accessed.

53.     Not only is Defendants' conduct intentional, but also willful and done with the knowledge and intention of misappropriating Strong Current's business opportunities.

**C.     Defendants' Behavior is Causing Ongoing Irreparable Harm**

54.     As seen *supra*, Defendants are blatantly and willfully attempting to compete unfairly with Strong Current by copying Strong Current's product selection and marketing materials.

55.     Defendants have blatantly sought to misappropriate the benefit of Strong Current's creative and unique marketing materials and approaches, and to undercut and destroy the goodwill and brand equity that Strong Current has created for its branded products, by, *inter alia*, utilizing intentionally copied content. Defendants' conduct is creating the false appearance of association in order to bolster their own sales and/or market presence to Strong Current's detriment and expense.

56.     Furthermore, the harm associated with Defendants' wrongful conduct is, by its very nature, irreparable, and Strong Current lacks an adequate remedy at law.

<u>**FIRST CAUSE OF ACTION**</u>

**(False Designation of Origin under the Lanham Act (15 U.S.C. § 1125(a)(1)(A)))**

57.     Strong Current repeats and re-alleges the allegations in all preceding paragraphs of this Complaint.

58.     As a result of longstanding and extensive efforts to develop internet marketing techniques and tools, Strong Current has developed distinctive marketing materials as used with respect to its Blaux™ brand of portable air conditioners and other products.

59.     Defendants knowingly and willfully used the Strong Current marketing materials and confusingly similar variations thereof in interstate commerce to sell competing products.

60.     Defendants have used the identical internet pages and confusingly similar pages to Strong Current's pages in interstate commerce in association with the offering and selling of identical products, and are currently using such materials to identify their products in direct competition with Strong Current.

61.     Defendants' willful and unauthorized use of Strong Current's marketing materials for their identical or similar product lines is likely to cause confusion, or to cause a mistake regarding or to deceive purchasers as to the affiliation, connection, or association of Defendants' products with Strong Current, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

62.     Defendants' use of Strong Current's marketing materials, including identical copies and images, is likely to cause confusion and thus constitutes a false designation of origin, affiliation, connection, or association, and a false description or representation that wrongfully and falsely designates Defendants' products as being associated, affiliated, or connected with, or approved or sponsored by, Strong Current in violation of 15 U.S.C. § 1125(a)(1)(A).

63.     As a direct and proximate result of Defendants' unlawful acts and conduct, Defendants have diverted sales from Strong Current, and Strong Current has suffered and will continue to suffer damage to its business for which Strong Current is entitled to monetary relief.

113942969.v1

64.     By reason of Defendants' unlawful acts and practices, Defendants have caused, are causing, and unless such acts are enjoined by the Court, will continue to cause irreparable harm to Strong Current's reputation and goodwill with consumers and Strong Current Marketing Affiliates for which there is no adequate remedy at law, and for which Strong Current is entitled to injunctive relief.

65.     Unless enjoined by this Court, Defendants will continue to use Strong Current's marketing materials to confuse and mislead consumers, and will cause irreparable harm to Plaintiff, including to its reputation and goodwill, and potentially to its marketing affiliate network and customer base.

66.     Unless the Court orders Defendants to notify its affiliates and any other resale customers of the misappropriation of Strong Current marketing materials and to remove Defendants' infringing marketing and approaches, Plaintiff will suffer irreparable harm to its reputation and goodwill.

67.     Upon information and belief, Defendants have committed the foregoing acts willfully and with the intent to benefit from the reputation and goodwill of Strong Current.

68.     Strong Current is also entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their unlawful acts.

69.     This case is also exceptional, at least by virtue of Defendants' blatant copying of Strong Current's materials.  Thus, Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
### (Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*)

70.     Strong Current repeats and re-alleges the allegations in all preceding paragraphs of this Complaint.

21

113942969.v1

71.     Defendants' intentional and willful copying of Strong Current's marketing materials has misled and harmed consumers and is immoral, unethical and deceptive.

72.     Defendants' conduct offends established public policy and is substantially injurious to consumers.

73.     Defendants' conduct is harmful to consumers because, among other things, Defendants do not properly service or support the products.  For instance, Defendants do not even have a return policy, and the nominal shipping/return pages, such as https://www.glacierportableac.com/pages/shippingandreturn.html, cannot be accessed.

74.     By intentionally copying Strong Current's marketing material, Defendants are misleading and deceiving consumers and/or causing a likelihood of confusion or misunderstanding as to the source, sponsorship, or approval of their marketing and approaches and otherwise damaging the public.

75.     Defendants' conduct alleged above has caused Strong Current to lose sales as well as injury to its business and reputation with both consumers and the Strong Current Marketing Affiliates.

76.     Defendants' use of Strong Current's marketing materials is likely to cause confusion among consumers.

77.     Further, Defendants' business conduct is contrary to honest practices in industrial or commercial matters.  As such, it is also liable under Florida laws of unfair competition.

78.     As a direct and proximate result of Defendants' conduct, Strong Current has incurred substantial damages in an amount to be determined at trial, together with interest, attorneys' fees, costs and disbursements thereon.

79.     Defendants' conduct was intentional, willful and malicious, thus justifying the award of punitive and/or exemplary damages.

80.     Defendants' conduct has caused and is likely to continue to cause substantial injury to the public and to Strong Current, entitling Strong Current to injunctive relief.

### THIRD CAUSE OF ACTION
### (Unfair Competition Under Lanham Act § 43(a) (15 U.S.C. § 1125(a))

81.     Strong Current repeats and re-alleges the allegations in all preceding paragraphs of this Complaint.

82.     Strong Current owns all right and title to the Strong Current marketing materials.

83.     Defendants' copying and use of the Strong Current marketing materials is misleading and has caused, and is likely to continue to cause, confusion among consumers within the United States.

84.     Defendants are direct competitors of Strong Current who have diverted sales to themselves by virtue of their blatant copying of Strong Current marketing materials.

85.     Furthermore, Defendants' use of identical and/or confusingly similar pictures, written descriptions, and checkout pages, as well as the overall look and feel of their webpages, to those used by Strong Current not only confuses consumers but also confuses Strong Current Marketing Affiliates and harms Strong Current's reputation with Strong Current Marketing Affiliates.

86.     Upon information and belief, Defendants have committed the foregoing acts willfully and with the intent to benefit from the reputation and goodwill of Strong Current.

87.     Strong Current is also entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of their unlawful acts.

88.     This case is also exceptional, at least by virtue of Defendants' blatant copying of Strong Current's materials.  Thus, Plaintiff is also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## FOURTH CAUSE OF ACTION
### (Unfair Competition)

89.     Strong Current repeats and re-alleges the allegations in all preceding paragraphs of this Complaint.

90.     Defendants have improperly copied Strong Current's marketing materials and marketing campaigns to develop their own businesses to compete with Strong Current and to funnel Strong Current's business opportunities to themselves.

91.     Defendants' intentional and willful theft of Strong Current's marketing materials is immoral, unethical and deceptive.

92.     Defendants' conduct as alleged above has caused Strong Current to lose sales as well as caused injury to Strong Current's brand and reputation with merchandisers, consumers, and the Strong Current Marketing Affiliates.

93.     Further, Defendants' business conduct is contrary to honest practices in industrial or commercial matters.

94.     As a direct and proximate result of Defendants' unfair competition, Strong Current has incurred substantial damages in an amount to be determined at trial, together with interest, costs and disbursements thereon.

95.     Defendants' conduct was intentional, willful and malicious, thus justifying the award of punitive and/or exemplary damages as well as attorneys' fees and costs of suit.

## FIFTH CAUSE OF ACTION
### (Misappropriation)

96.     Strong Current repeats and re-alleges the allegations in all preceding paragraphs of this Complaint.

97.     Strong Current developed its marketing materials through extensive time, skill, labor, money, and other resources.

98.     In connection with the advertising, marketing, and sale of their products, Defendants have willfully and intentionally copied Strong Current's creative and proprietary work and have otherwise exploited the reputation and goodwill associated with Strong Current's products and marketing materials, in competition with Strong Current, to gain a competitive advantage, and also in a manner that is likely to cause confusion, mistake, and deception.

99.     Defendants have thus misappropriated Strong Current's creative and proprietary work and intellectual property for their own financial gain and misappropriated the benefit of such creative work by diverting sales to themselves.   The misappropriation resulted not only in diverted sales, but also in a competitive advantage for Defendants because Defendants were burdened with little or none of the expense incurred by the Strong Current in developing the proprietary marketing and approaches.  By these actions, Defendants gained a financial benefit for themselves and have caused financial loss and damages to Strong Current.

100.     Defendants' actions have caused and will continue to cause Strong Current irreparable injury for which Strong Current has no adequate remedy at law.

101.     By these actions, Defendants gained a financial benefit for themselves, including diverted sales, and have caused financial loss and damages to Strong Current.

### SIXTH CAUSE OF ACTION
**(Unjust Enrichment)**

102.     Strong Current repeats and re-alleges the allegations in all preceding paragraphs of this Complaint.

25

103.    Strong Current has invested substantial time, money and effort into developing and maintaining its marketing materials.

104.    Defendants have used and continue to use Strong Current's marketing materials to compete with Strong Current and funnel Strong Current's business opportunities away from Strong Current and to Defendants.

105.    By using Strong Current's marketing materials, Defendants have obtained a substantial benefit.

106.    Defendants have unjustly benefited from the use of Strong Current's marketing materials, and under the circumstances, it would be inequitable for Defendants to retain the benefit without reimbursing Strong Current for such benefit.

## SEVENTH CAUSE OF ACTION
**(Tortious Interference with Strong Current's Business Relationships**

107.    Strong Current repeats and re-alleges the allegations in all preceding paragraphs of this Complaint.

108.    Strong Current maintains profitable and, in most cases, long standing business relationships with Strong Current's Marketing Affiliates.

109.    The Defendants are aware of Strong Current's business relationships with its Marketing Affiliates.

110.    The Defendants individually and collectively are intentionally interfering with Strong Current's business relationships by their unjustified and illegal use of the marketing materials prepared by Strong Current for the exclusive use of Strong Current and its Marketing Affiliates.

111.    The foregoing actions of the Defendants have caused damage and harm to Strong Current's relationship with its Marketing Affiliates who no longer have exclusive use of the

26

advertising and marketing materials developed by Strong Current. Consequently, Strong Current has suffered loss of revenue from its Marketing Affiliates who in turn have suffered loss of sales they would ordinarily have had from using Strong Current's materials.

112. Further, the actions of the Defendants have caused a loss of good will and harmed the working relationships between Strong Current and its Marketing Affiliates, including the loss of some of these business relationships.

## EIGHTH CAUSE OF ACTION
### (Civil Conspiracy)

113. Strong Current repeats and re-alleges the allegations in all preceding paragraphs of this Complaint.

114. Defendants conspired with each other for an unlawful purpose and agreed to perform unlawful acts, to wit: stealing Plaintiff's product ideas and original marketing materials and using the stolen materials to compete with Plaintiff and/or misappropriate Plaintiff's business opportunities.

115. Defendants each agreed to this common goal and to perform said unlawful acts.

116. Defendants acted in concert with the specific object of harming Plaintiff and for their own personal gain.

117. Each Defendant performed an overt act in furtherance of the conspiracy.

118. The unlawful acts alleged herein, including acts directed into the State of Florida, were committed in furtherance of the conspiracy.

119. As a result of the Defendants' combined and concerted unlawful efforts, Plaintiff has been damaged.

## NINTH CAUSE OF ACTION
### (Aiding and abetting against all Defendants other than Palta and Affiliati)

27

113942969.v1

120.     Strong Current repeats and re-alleges the allegations in all preceding paragraphs of this Complaint.

121.     Palta and Affiliati, by their actions, have led all the other Defendants to engage in unfair competition in violation of 15 U.S.C. 1125(a).

122.     Palta and Affiliati, by their actions, have led all the other Defendants to misappropriate Plaintiff's advertising and marketing materials.

123.     Palta and Affiliati, by their actions, have led all the other Defendants to engage in unfair competition in violation of the common law.

124.     Palta and Affiliati, by their actions, have led all the other Defendants to participate in deceptive trade practices in Florida, which harmed consumers and Plaintiff.

125.     All of the Defendants have knowingly participated in, or substantially assisted with, each Defendant's respective and individual tortious conduct.

126.     By reason of the aforesaid, Plaintiff has been damaged as set forth herein.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Strong Current respectfully requests that this Court enter judgment in its favor against Defendants and award the following relief:

    (a)     A preliminary and permanent injunction barring Defendants, or any person or entity acting on their behalf, in concert with them, or through which they act, from:

        i.     Copying Strong Current marketing materials or using materials confusingly similar thereto; and

        ii.     Unfairly competing with Strong Current in any manner;

    (b)     Compensatory damages including, but not limited to: (i) lost profits; (ii) the

disgorgement of all profits and revenues received by Defendants; and (iii) to the extent calculable, damages for reputational damage, lost customers, lost Marketing Affiliates relationships, lost revenue, loss of goodwill, corrective advertising, and other damages;

(c)     Punitive and exemplary damages in an amount to be determined at trial in this matter;

(d)     Interest, costs, and attorney's and expert fees;

(e)     Equitable relief in the form of an injunction, a constructive trust, an accounting, and disgorgement of profits and other benefits received by reason of Defendants' unlawful conduct; and

(f)     Awarding such other relief to Strong Current as this Court deems appropriate, just, and proper.

Dated:  September 3, 2020                    Respectfully submitted,


**FOX ROTHSCHILD LLP**

*/s/ Megan A. McNamara*
Megan A. McNamara
Florida Bar No. 112636
777 South Flagler Drive
Suite 1700, West Tower
West Palm Beach, FL 33401
Tel.: (561) 835-9600
Fax: (561) 835-9602
Email:  mmcnamara@foxrothschild.com

Jonathan R. Lagarenne, Esq.
(*Pro Hac Vice forthcoming*)
1225 17th Street, Suite 2200
Denver, CO 80202
Tel: (303) 292-1200
Fax: (609) 292-1300
Email: jlagarenne@foxrothschild.com

29

Benjamin R. Kurtis, Esq.
 (*Pro Hac Vice forthcoming*)
N.J.I.D. # 209492010
Princeton Pike Corporate Center
997 Lenox Drive
Lawrenceville, NJ 08648
Tel: (609) 896-3600
Fax: (609) 896-1469
Email: bkurtis@foxrothschild.com

*Counsel for Plaintiff, Strong Current
Enterprises Limited*

113942969.v1